**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Michael Dewayne Perseke, | Case No. 19-CV-0443 (ECT/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Paul Schnell; Tony Lourey; Nancy Johnston; Keith Ellison, Minnesota Attorney General; Kelly Lyn Mitchell, Executive Director of the Minnesota Sentencing Commission; and Jane and John Does, in their official capacities, | |
| Defendants. | |

Plaintiff Michael Dewayne Perseke is civilly committed at the Minnesota Sex Offender Program ("MSOP") on the judicial finding that he is a sexually dangerous person.

> As a juvenile, Perseke admitted to fourth-degree criminal sexual conduct, and as an adult, from 1992 to 2003, Perseke committed at least seven acts of criminal sexual conduct against at least seven victims. One such incident occurred in 1996, while Perseke was on conditional release. And in 2003, while on supervised release for previous sex-offense convictions, and within three months of completing an outpatient sex-offender treatment program, Perseke committed two acts of criminal sexual conduct.

*In re Civil Commitment of Perseke*, No. A12-2213, 2013 WL 1859133, at *1 (Minn. Ct. App. May 6, 2013).

As relevant here, two legal consequences (other than the terms of imprisonment and civil commitment) followed from these criminal convictions. First, Minnesota law

1

requires that persons convicted of certain sexual offenses be sentenced to a mandatory ten-year or lifetime term of conditional release, depending upon the circumstances of the conviction. *See* Minn. Stat. § 609.3455, subds. 6–7. Second, Minnesota law requires that persons convicted of sexual offenses register with the State and regularly provide information regarding addresses, work location, vehicles owned, and so on; failure to register or provide accurate information is a criminal offense. *See* Minn. Stat. § 243.166.

In this litigation, Perseke challenges the legality of the conditional-release and registration statutes. Perseke did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. [Doc. No. 5.] That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Perseke qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise

a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As an initial matter, Perseke seeks relief under "the Bane Act" (*see, e.g.*, Am. Compl. ¶ 2 [Doc. No. 4]), presumably a reference to the Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1. But Perseke is a civil detainee of the State of Minnesota seeking relief exclusively from defendants sued in their official capacities as agents of the State of Minnesota. It is therefore difficult to see what relevance a California statute might have to these proceedings.[1]

More relevant are Perseke's claims that the conditional-release and registration statutes violate his federal constitutional rights. That said, Perseke's claims are nevertheless insufficiently pleaded and should be dismissed.

Perseke raises essentially three grounds for relief in this action. First, Perseke suggests that, for a variety of reasons, he should not have been subject to a term of conditional release at all under Minnesota law as a result of his offense. (*See, e.g.*, Am.

---

[1] Additionally, any claims under California law would not raise a federal question of law, *see* 28 U.S.C. § 1331, and there is no reason to believe from the amended complaint that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a), and thus this Court lacks original jurisdiction over any claims brought pursuant to state law.

Compl. ¶¶ 52–53.)  Perseke's various arguments make little sense.  A term of conditional release was imposed after Perseke was convicted of fourth-degree criminal sexual conduct in 1998.  *See Perseke*, 2013 WL 1859133, at *1.  Perseke was again subject to a mandatory term of conditional release following his 2003 conviction for third-degree criminal sexual conduct.  By the statute's plain terms,

> when a court commits an offender to the custody of the commissioner of corrections for a violation of section[s] . . . 609.344 [and] 609.345 . . . the court shall provide that, after the offender has been released from prison, the commissioner shall place the offender on conditional release for ten years.

Minn. Stat. § 609.3455, subd. 6.  The imposition of the term of conditional release was therefore a straightforward application of § 609.3455 in Perseke's case.  Contrary to Perseke's assertions (*see* Am. Compl. ¶ 53), conditional release is not a "new charge" for which additional procedures or findings of fact are necessary; it is instead simply an aspect of the sentence imposed for the offenses for which Perseke was found guilty.  There is no allegation that the criminal proceedings themselves violated Perseke's federal due process rights, and it would in any event be far too late for Perseke to seek to have his criminal conviction invalidated.  *See* 28 U.S.C. § 2244(d).

Second, Perseke alleges that the terms of his conditional release unlawfully coerce him into complying with sex-offender treatment, as failure to comply with treatment amounts to a violation of the terms of his conditional release and may therefore result in the revocation of his conditional release and return to prison.  Never, though, does Perseke allege how the requirement that he complete sex-offender treatment violates his constitutional rights.  The mere fact that the State of Minnesota imposes treatment as a

4

condition of release from incarceration does not, by itself, amount to a constitutional violation; this is, after all, the entire point of conditional release—that defendants abide by conditions under the potential penalty of revocation. Without further allegations regarding the specific constitutional rights infringed due to the condition requiring treatment, Perseke's claim is insufficiently pleaded.

Third, Perseke alleges that the conditions imposed by the Minnesota registration statute, § 243.166, amount to a violation of his Fourth, Fifth, and Fourteenth Amendment rights. These constitutional claims have been squarely rejected previously as raised against the Minnesota registration statute, including by the Eighth Circuit Court of Appeals. *See Larson v. Roy*, No. 12-0707 (MJD/AJB), 2013 WL 3280247, *5–8 (D. Minn. June 26, 2013) (citing *Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003)). Perseke's claims fail as a matter of law.

For the above reasons, the Court recommends that this matter be dismissed and Perseke's IFP application be denied. Perseke's claim that the condition of treatment amounts to a violation of his constitutional rights is at least theoretically amenable to repleading and therefore should be dismissed *without* prejudice; however, amendment of Perseke's other claims would be futile, and those claims should therefore be dismissed *with* prejudice. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) (dismissal with prejudice for failure to state a claim upon which relief may be granted is not abuse of discretion when amendment of the complaint would be futile).

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. The claim regarding the condition of treatment amounting to a violation of constitutional rights be **DISMISSED WITHOUT PREJUDICE**.

    b. All other claims **DISMISSED WITH PREJUDICE**.

2. Plaintiff Michael Dewayne Perseke's application to proceed *in forma pauperis* [Doc. No. 5] be **DENIED**.

Dated: June 17, 2019         s/ *Hildy Bowbeer*
                             Hildy Bowbeer
                             United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).