UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Dewayne Perseke,                    File No. 19-cv-0443 (ECT/HB)

        Plaintiff,

v.                                          **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Paul Schnell; Tony Lourey; Nancy Johnston;
Keith Ellison; Minnesota Attorney General;
Kelly Lyn Mitchell, Executive Director of the
Minnesota Sentencing Commission; and/or
Jane Does, in their official capacities,,

        Defendants.

---

Plaintiff Michael Dewayne Perseke is civilly committed at the Minnesota Sex Offender Program ("MSOP") based on a judicial determination that he is a sexually dangerous person. *See* Am. Compl. ¶ 1 [ECF No. 4]; *In re Civil Commitment of Perseke*, 2013 WL 1859133 (Minn. Ct. App. May 6, 2013). He commenced this action pro se by filing a complaint challenging the legality of the Minnesota conditional-release and registration statutes that apply to him as a convicted sex offender, and he sought permission to proceed in forma pauperis ("IFP") as he litigates his claim. *See generally id.*; *see also* Application [ECF No. 5]. This matter is before the Court on a Report and Recommendation issued by Magistrate Judge Hildy Bowbeer on June 17, 2019. *See generally* Report and Recommendation ("R&R") [ECF No. 8]. Magistrate Judge Bowbeer recommends that, although Perseke qualifies financially for IFP status, his claims nevertheless should be dismissed because they fail to state a cause of action on which relief

may be granted. R&R at 2 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Perseke filed objections to the Report and Recommendation. ECF No. 9. Because he has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Bowbeer's analysis and conclusions are correct.

Perseke's claims, as confirmed or clarified in his objections, largely mirror those recently raised in several other cases in this District: (1) that Minnesota's conditional-release and registration statutes run afoul of a California statute, the Tom Bane Civil Rights Act, Cal Civ. Code § 52.1, *see* Obj. at 1–4; (2) that the imposition of conditional release as part of his sentence is unconstitutional because he was never separately indicted on a charge arising under the conditional-release statute, *see id.* at 5–6; (3) that he has been stigmatized by the conditional-release and registration statutes, in violation of the U.S. Constitution, *id.* at 6; and (4) that the requirement that he undergo treatment while on conditional release is unconstitutional.

Magistrate Judge Bowbeer correctly recommended that these claims be dismissed. First, the Bane Act, a California statute, has no application to this case, in which a civilly committed person in Minnesota, detained pursuant to Minnesota law, seeks relief from Minnesota governmental officials. *See* R&R at 3; *see also Thomas v. Schnell*, No. 19-CV-450 (NEB/LIB), 2019 WL 4201070, at *1 (D. Minn. Sept. 5, 2019); *Jacobson v. Schnell*, No. 19-cv-0451 (JNE/ECW), 2019 WL 4060380, at *1 (D. Minn. Aug. 27, 2019); *Elk v. Schnell*, Civil No. 18-3255 (DWF/LIB), 2019 WL 4011007, at *1 (D. Minn. Aug. 26

(2019); *Hollie v. Schnell*, No. 19-cv-445 (PAM/KMM), 2019 WL 3800237, at *1 (D. Minn. Aug. 12, 2019); *Thundercloud v. Schnell*, No. 19-CV-0448 (ECT/KMM), 2019 WL 3305192, at *2 (D. Minn. June 27, 2019) (R&R accepted with no objections filed, 2019 WL 3305193 (D. Minn. July 23, 2019)); *Olson v. Schnell*, No. 19-CV-0453 (SRN/KMM), 2019 WL 3241188, at *2 (D. Minn. June 27, 2019) (R&R accepted with no objections filed, 2019 WL 3239246 (D. Minn. July 18, 2019)). Second, no separate charge was required before the Minnesota court could constitutionally impose the statutorily required term of conditional release as a part of Perseke's sentence. R&R at 4; *see also Thomas*, 2019 WL 4201070, at *1; *Jacobson*, 2019 WL 4060380, at *1; *Elk*, 2019 WL 4011007, at *2; *Hollie*, 2019 WL 3800237, at *1; *Thundercloud*, 2019 WL 338282, at *2; *Olson*, 2019 WL 3241188, at *2. Third, as the Eighth Circuit described in *Gunderson v. Hvass*, 339 F.3d 639, 644–45 (8th Cir. 2003), the type of stigma-based harms Perseke attributes to Minnesota's sex-offender-registration and conditional-release statutes, *see* Obj. at 6, do not amount to a constitutional violation. *See Elk*, 2019 WL 4011007, at *2; *Hollie*, 2019 WL 3800237, at *2; *Thundercloud*, 2019 WL 338282, at *3; *Olson*, 2019 WL 3241188, at *2. And fourth, Perseke has not explained how the requirement that he receive treatment as a part of any conditional release violates any constitutional right. *See Elk*, 2019 WL 4011007, at *2; *Hollie*, 2019 WL 3800237, at *2.

Insofar as Perseke's objections ask that he be permitted to move to amend his complaint rather than have his claims dismissed outright, that request will be denied. He has not identified any additional facts or legal theories that he would include in any such amendment. Furthermore, as the Report and Recommendation explains, several of the

3

grounds on which Perseke's complaint will be dismissed are not even theoretically amenable to being amended in a way that might satisfy the operative standard. *See* R&R at 5.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 9] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 8] is **ACCEPTED** in full;

3. Pursuant to 28 U.S.C. § 1915(e)(2)(B), this matter is **DISMISSED** as follows:

   a. Plaintiff's claim alleging that the condition of treatment amounts to a violation of his constitutional rights is **DISMISSED WITHOUT PREJUDICE**; and

   b. All other claims are **DISMISSED WITH PREJUDICE**; and

4. Plaintiff's application to proceed in forma pauperis [ECF No. 5] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 26, 2019          s/ Eric C. Tostrud
                                   Eric C. Tostrud
                                   United States District Court